UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WAYDE COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-04939-TWP-DLP |
| ) | |
| JOSH A. PETERS, CITY OF INDIANAPOLIS, ) | |
| MARION COUNTY, TREASURER'S OFFICE, ) | |
| PAMELA G. SCHNEEMAN, COVENANT ) | |
| COMMUNITY HOUSING, LLC, and SEVERAL ) | |
| UNLISTED INDIVIDUALS, ) | |
| ) | |
| Defendants. ) | |

**ENTRY SCREENING COMPLAINT AND ORDER TO SHOW CAUSE**

This matter is before the Court for screening of *pro se* plaintiff Wayde Coleman's ("Coleman") Second Amended Complaint. Under separate Order, the Court granted the Defendants' Joint Motion for Federal Court Screening of Complaint Pursuant to 28 U.S.C. § 1915(e)(2)(B) (Filing No. 94).

**I.   Procedural Background**

On December 17, 2019, Coleman initiated this lawsuit against Defendants Josh A. Peters, City of Indianapolis, Marion County, Treasurer's Office, Pamela G. Schneeman, Covenant Community Housing, LLC, and Several Unlisted Individuals (collectively, "Defendants"). Coleman alleged claims against the Defendants for violation of his First, Fourth, and Fourteenth Amendment rights (Filing No. 1). The Defendants filed motions to dismiss, and Coleman subsequently filed a Motion for Leave to Fila an Amended Complaint (Filing No. 31), as well as the Second Amended Complaint (Filing No. 31-1), which resulted in the motions to dismiss being denied as moot (Filing No. 37). The Defendants filed a new round of now-pending Motions to

Dismiss (Filing No. 32; Filing No. 38; Filing No. 41), and Coleman filed Responses in Opposition to and Motions to Strike the Motions to Dismiss (Filing No. 53; Filing No. 54). After the Defendants filed a Notice of Ruling (Filing No. 82) from a parallel state court action, this Court granted Coleman leave to amend his Amended Complaint (Filing No. 85). Soon thereafter, Coleman filed a Motion for Leave to File a Second Amended Complaint (Filing No. 90) as well as a Second Amended Complaint (Filing No. 90-1). That Motion is **granted** and the Court will screen the Second Amended Complaint. *Id*.

Because the pending Motions to Dismiss and Motions to Strike pertain to Coleman's Amended Complaint, and because Coleman subsequently has filed a Second Amended Complaint with leave of court, the Court now **denies as moot** the Motions to Dismiss (Filing No. 32; Filing No. 38; Filing No. 41) and Motions to Strike (Filing No. 53; Filing No. 54) without prejudice to refile. Upon motion of the Defendants, and pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court now screens Coleman's Second Amended Complaint.

## II. Screening

The Seventh Circuit has explained,

> [D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e) (2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as

when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

### III. The Second Amended Complaint

In his 43-page "Amended Civil Rights Complaint," *pro se* plaintiff Coleman asserts that the Defendants have conspired and colluded to deprive him of his due process and equal protection rights as well as denied him payment arrangements related to property taxes (Filing No. 90-1 at 2). Coleman alleges that the Defendants committed fraud on the Marion County Circuit Court by misrepresenting information and evidence in a property ownership and property tax dispute before that court. He is bringing his claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988 for violation of the First, Fourth, and Fourteenth Amendments. *Id.* at 3. He alleges that the parties reside in the Indianapolis Division, and the events giving rise to this action occurred in the Indianapolis Division. *Id.* at 4.

Coleman presents various arguments throughout the Second Amended Complaint related to matters such as statutes of limitation and the *Rooker-Feldman* doctrine, and provides numerous citations to case law and statutes. In narrative form, he presents a long recitation of the factual history about a property ownership and property tax dispute that was litigated in Indiana state

courts beginning in 2019. He then lists numerous claims with the following labels: procedural due process, substantive due process, negligent misrepresentation, abuse of process, *Monell* claim, equal protection, conspiracy to interfere with civil rights, intentional infliction of emotional distress, fraudulent representation, and constructive fraud. *Id.* at 25–42.

### IV. Dismissal of the Second Amended Complaint

Federal courts are courts of limited jurisdiction, not general jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. County of Cook*, 167 F.3d 381, 387 (7th Cir. 1999); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

4

defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citations and quotation marks omitted). *Pro se* complaints, such as that filed by Coleman, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Federal jurisdiction exists when a federal question is presented on the face of a plaintiff's properly pleaded complaint. 28 U.S.C. § 1331. A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–85, (1946). While it appears from Coleman's Second Amended Complaint that he may be trying to raise claims against the Defendants arising under the laws of the United States, his pleadings fail to comply with Federal Rule of Civil Procedure 8(a)(2), which "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and punctuation omitted). Coleman's Second Amended Complaint, stretching 43 pages, contains assertions that do not provide a coherent claim to relief against specific defendants, and the assertions fail to give the named Defendants fair notice of what the claims are and the grounds upon which they rest. A complaint should allow the court and the defendant to connect the facts to the legal bases to the relief sought.

Most of Coleman's assertions clump the Defendants together into one homogenous group, thereby depriving each Defendant fair notice of the claims against them individually and the factual basis of the claims against them individually. Coleman has asserted many legal conclusory statements and has provided labels such as procedural due process, substantive due process, negligent misrepresentation, and abuse of process. But this fails to provide the Defendants an

opportunity to admit or deny any allegations against them individually. The only exception to this is Coleman's state law claim for fraud at Filing No. 90-1 at 39–41, which alleges some facts against specifically named defendants. However, this single state law claim would not be enough to give rise to federal court jurisdiction because it appears that all the parties are likely citizens of Indiana.[1] Because Coleman's Second Amended Complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2), it is subject to dismissal for failure to state a claim upon which relief may be granted.

## V.     Opportunity to Show Cause

Coleman shall have through **Friday, April 9, 2021**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an . . . applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Coleman elects to file an amended complaint, he should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended

---

[1] Federal diversity jurisdiction exists where the controversy is between citizens of different States, and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").


complaint must identify what legal injury Coleman claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The amended complaint also should demonstrate that jurisdiction is proper in this Court.

## CONCLUSION

Having screened the Second Amended Complaint, the Court determines that Coleman shall have through **Friday, April 9, 2021**, to file a third amended complaint that complies with Federal Rule of Civil Procedure 8(a)(2) and that succinctly asserts his claims against each of the Defendants rather than against all the Defendants as a group. Furthermore, because the pending Motions to Dismiss and Motions to Strike pertain to Coleman's Amended Complaint, and because Coleman subsequently filed a Second Amended Complaint with leave of court, the Court **DENIES AS MOOT** the Motions to Dismiss (Filing No. 32; Filing No. 38; Filing No. 41) and Motions to Strike (Filing No. 53; Filing No. 54) without prejudice to refile if Coleman files a Third Amended Complaint.

If no amended complaint is filed by **April 9, 2021**, this action may be subject to dismissal for failing to state a claim upon which relief may be granted. If a Third (and final) Amended Complaint is filed, it will be screened before Defendants are required to respond.

SO ORDERED.

Date: 3/15/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Wayde Coleman
433 North Gibson Avenue
Indianapolis, IN 46219

Susanne Amelia Johnson
FAEGRE DRINKER BIDDLE & REATH LLP
susanne.johnson@faegredrinker.com

Daniel E. Pulliam
FAEGRE DRINKER BIDDLE & REATH LLP
daniel.pulliam@faegredrinker.com

Michael John Sullivan
OFFICE OF CORPORATION COUNSEL
michael.sullivan@indy.gov

Andrew J. Upchurch
OFFICE OF CORPORATION COUNSEL
andrew.upchurch@indy.gov