# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| WAYDE COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-04939-TWP-DLP |
| ) | |
| JOSH A. PETERS, CITY OF INDIANAPOLIS, ) | |
| MARION COUNTY, TREASURER'S OFFICE, ) | |
| PAMELA G. SCHNEEMAN, COVENANT ) | |
| COMMUNITY HOUSING, LLC, and SEVERAL ) | |
| UNLISTED INDIVIDUALS, ) | |
| ) | |
| Defendants. ) | |

## ENTRY DISMISSING ACTION AND
## DIRECTING ENTRY OF FINAL JUDGMENT

In its Entry of March 15, 2021, the Court screened *pro se* plaintiff Wayde Coleman's ("Coleman") Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and explained that it is subject to dismissal for failing to state a claim upon which relief may be granted (Filing No. 96). The Court gave Coleman the opportunity to amend his Second Amended Complaint by filing a third amended complaint no later than April 9, 2021, and show cause why this case should not be dismissed for failing to state a claim. The Court directed Coleman that a third amended complaint must comply with Federal Rule of Civil Procedure 8(a)(2) and succinctly assert his claims against each of the Defendants rather than against all the Defendants as a group.

The Court's Entry also noted,

> While it appears from Coleman's Second Amended Complaint that he may be trying to raise claims against the Defendants arising under the laws of the United States, his pleadings fail to comply with Federal Rule of Civil Procedure 8(a)(2), which "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and punctuation omitted). Coleman's Second

> Amended Complaint, stretching 43 pages, contains assertions that do not provide a coherent claim to relief against specific defendants, and the assertions fail to give the named Defendants fair notice of what the claims are and the grounds upon which they rest. A complaint should allow the court and the defendant to connect the facts to the legal bases to the relief sought.
>
> Most of Coleman's assertions clump the Defendants together into one homogenous group, thereby depriving each Defendant fair notice of the claims against them individually and the factual basis of the claims against them individually. Coleman has asserted many legal conclusory statements and has provided labels such as procedural due process, substantive due process, negligent misrepresentation, and abuse of process. But this fails to provide the Defendants an opportunity to admit or deny any allegations against them individually. The only exception to this is Coleman's state law claim for fraud at Filing No. 90-1 at 39–41, which alleges some facts against specifically named defendants. However, this single state law claim would not be enough to give rise to federal court jurisdiction because it appears that all the parties are likely citizens of Indiana. Because Coleman's Second Amended Complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2), it is subject to dismissal for failure to state a claim upon which relief may be granted.

(Filing No. 96 at 5–6 (internal footnote omitted).)

Coleman filed his Third Amended Complaint on April 9, 2021 (Filing No. 102-1). However, Coleman's Third Amended Complaint fails to address or cure the problem of the Second Amended Complaint concerning compliance with Federal Rule of Civil Procedure 8(a)(2) and succinctly asserting his claims against each of the Defendants rather than against all the Defendants as a group. In the Third Amended Complaint, Coleman adds paragraph numbers, deletes pages of legal arguments, and deletes some narrative paragraphs. He also changed numerous references from "Defendants" to "Josh A. Peters, City of Indianapolis, Marion County, Treasurer's Office, Pamela G. Schneeman, Covenant Community Housing, LLC, Cindy Palmer, and Dale Shaw." But the allegations still clump the Defendants together as a homogenous group, thereby depriving each Defendant fair notice of the claims against them individually and the factual basis of the claims against them individually.

The Court gave notice to Coleman regarding the deficiencies of his Second Amended Complaint and provided him with an opportunity to respond. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). Because Coleman has failed to cure the deficiencies of his Second Amended Complaint, for the reasons discussed in the screening Entry, (Filing No. 96), this action is **dismissed for failure to state a claim upon which relief may be granted**. *See* 28 U.S.C. § 1915(e)(2)(B). Final judgment consistent with this Entry will be issued under separate order.

    **SO ORDERED.**

Date: 4/23/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Wayde Coleman
433 North Gibson Avenue
Indianapolis, IN 46219

Susanne Amelia Johnson
FAEGRE DRINKER BIDDLE & REATH LLP
susanne.johnson@faegredrinker.com

Daniel E. Pulliam
FAEGRE DRINKER BIDDLE & REATH LLP
daniel.pulliam@faegredrinker.com

Michael John Sullivan
OFFICE OF CORPORATION COUNSEL
michael.sullivan@indy.gov

Andrew J. Upchurch
OFFICE OF CORPORATION COUNSEL
andrew.upchurch@indy.gov